**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROSE OKPALOBI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6691** |
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, et al.** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court are Defendant PHH Mortgage Corporation's ("PHH") FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim and FRCP 12(b)(1) Motion to Dismiss for Lack of Standing,[1] Defendant Mortgage Assets Management, LLC's ("MAM") "Motion to Dismiss with Prejudice for Failure to State a Claim and Motion to Dismiss for Lack of Standing,"[2] Plaintiff Rose Okpalobi's ("Plaintiff") Motion to Strike Defendant PHH Mortgage Corporation's Motion to Dismiss for Lack of Standing,[3] MAM's Motion to Opt Out of the Streamlined Settlement Program,[4] and Plaintiff's Cross Motion to Strike MAM's Motion to Opt Out of the Streamlined Settlement Program.[5] PHH and MAM contend that Plaintiff does not have standing to bring the claims in the Petition against them in her individual capacity in this Hurricane Ida litigation.[6] PHH

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 25.

[3] Rec. Doc. 23.

[4] Rec. Doc. 30.

[5] Rec. Doc. 31.

[6] Rec. Docs. 18, 23.

and MAM also contend that Plaintiff fails to state any viable claim against PHH and MAM.[7] Plaintiff opposes, contending that she has standing to bring this suit in her individual capacity against PHH and MAM.[8] She also contends that she has sufficiently alleged claims against PHH and MAM.[9] Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants MAM's Motion to Opt Out of the Streamlined Settlement Program. The Court denies PHH's Motion to Dismiss under Rule 12(b)(6) and MAM's Motion to Dismiss under Rule 12(b)(6) without prejudice and grants Plaintiff leave to file an Amended Complaint. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims. The Court also denies Plaintiff's Motion to Strike PHH's Motion to Dismiss and her Motion to Strike MAM's Motion to Opt out of the Streamlined Settlement Program.

## I. Background

### A.    *Factual Background*

This litigation arises out of property damage caused by Hurricane Ida on August 29, 2021.[10] Plaintiff Rose Okpalobi, individually and on behalf of the Estate of Ifeanyi Charles Anthony Okpalobi filed a Petition in the Civil District Court for the Parish of Orleans on August 29, 2023 against Defendants PHH Mortgage Corporation ("PHH"), Champion Mortgage Company, Inc. ("Champion"), Mortgage Assets Management LLC ("MAM"), and American National Property and Casualty Company ("ANPAC") to recover damages related to the property at 4928 Cartier

---

[7] Rec. Docs. 18, 23.

[8] Rec. Docs. 23, 24, 31, 32,

[9] Rec. Docs. 23, 24, 31, 32.

[10] Rec. Doc. 1-9 at 3.

Avenue, New Orleans, LA 70122 ("Property").[11] MAM was formerly known as Reverse Mortgage Solutions, Inc.[12] In the Petition, Plaintiff alleges that the Property sustained damage as a result of Hurricane Ida.[13]

According to Plaintiff, PHH, Champion, and MAM (collectively, "Mortgage Companies"), serviced the mortgage on the Property.[14] Plaintiff alleges that these Mortgage Companies took out Policy Number AMJ0079021 ("Policy") with ANPAC for the Property as part of Plaintiff's mortgage, but these Mortgage Companies "intentionally failed and refused to make a claim on the policy…" after the Property sustained damage caused by Hurricane Ida.[15] Plaintiff brings a breach of fiduciary duty claim against PHH, Champion, and Mortgage Assets, asserting that they owed a fiduciary duty to Plaintiff because Plaintiff is a third-party beneficiary of the Policy.[16] Plaintiff also brings a negligence claim against PHH, Champion, and Mortgage Assets, asserting that they intentionally failed to file a claim on the Policy after Plaintiff notified them that Hurricane Ida caused damage to the Property.[17] Plaintiff also asserts a breach of insurance contract claim and claims for violations of Louisiana Revised Statute Sections 22:1892 and 22:1973 against all Defendants as a result of Defendants' alleged failure to timely pay insurance proceeds due under the Policy.[18]

---

[11] *Id.* at 1–2.

[12] *Id.* at 2.

[13] *Id.* at 3.

[14] *Id.* at 3.

[15] *Id.* at 3, 5.

[16] *Id.* at 6–7.

[17] *Id.* at 7.

[18] *Id.* at 8–10.

### B.    Procedural Background

On November 3, 2023, ANPAC removed the case to this Court under 28 U.S.C. § 1332(a).[19] On January 3, 2024, ANPAC filed a Motion to Dismiss, and Plaintiff filed an opposition on January 15, 2024.[20] On February 28, 2024, the Court granted ANPAC's motion and dismissed ANPAC as a defendant.[21]

On January 24, 2024, PHH filed the instant Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6).[22] On February 6, 2024, Plaintiff filed an opposition to PHH's Motion and also filed a Motion to Strike PHH's Motion.[23] On February 14, 2024, PHH filed an opposition to Plaintiff's Motion to Strike.[24] On February 9, 2024, MAM filed the instant Motion to Dismiss[25] and Motion to Opt Out of the Streamlined Settlement Program.[26] On February 23, 2024, Plaintiff filed an opposition to MAM's Motion to Dismiss[27] and also filed a Motion to Strike MAM's Motion to Opt Out of the SSP.[28] On March 4, 2023, MAM filed a reply to Plaintiff's opposition to its Motion to Dismiss.[29]

---

[19] Rec. Doc. 1.

[20] Rec. Docs. 8, 11.

[21] Rec. Doc. 33.

[22] Rec. Doc. 18.

[23] Rec. Docs. 23, 24.

[24] Rec. Doc. 27.

[25] Rec. Doc. 25.

[26] Rec. Doc. 30.

[27] Rec. Doc. 32.

[28] Rec. Doc. 31.

[29] Rec. Doc. 34.

## II. Parties' Arguments

**A.      Cross-Motions Addressing Plaintiff's Standing to Bring Claims in Her Individual Capacity Under Federal Rule of Civil Procedure   12(b)(1)**

### 1.      PHH's Arguments in Support of its Motion

PHH contends that Plaintiff Rose Okpalobi does not have standing to sue in her individual capacity because she does not own the Property, is not a party to the mortgage loan, and is not a named insured under the ANPAC insurance policy.[30] PHH notes that Plaintiff is suing PHH in both her individual capacity and as the Executrix of the Estate of Ifeanyi Charles Anthony Okpalobi ("Borrower").[31] PHH notes that after Borrower passed away on November 15, 2018, a Petition for Probate of Statutory Testament was filed in the Civil District Court for Orleans Parish and the presiding judge in this succession case entered an order confirming Rose Okpalobi as the Executrix of Borrower's estate.[32] PHH further contends that though Borrower's two vehicles and unspecified contents located at 3028 and 30230 Gentilly Blvd, New Orleans, Louisiana, were placed into the possession of Rose Okpalobi, the November 16, 2021 Order on Judgment of Possession is silent as to Plaintiff's ownership of the Property.[33] PHH notes that no other judgments have been entered in that case.[34] PHH concludes that Rose Okpalobi does not have standing to bring this matter in her individual capacity as she does not have title to the Property.[35]

---

[30] Rec. Doc. 18-1 at 5.

[31] *Id.*

[32] *Id.* at 5–6.

[33] *Id.* at 6.

[34] *Id.*

[35] *Id.*

### 2. Plaintiff's Opposition to PHH's Motion

Plaintiff filed an opposition to PHH's motion, contending that she has standing to sue in her individual capacity because she is a part owner of the Property, as it was bequeathed to her by her husband in his last will dated March 16, 2018.[36] PHH also notes that Plaintiff is an executor of a Corporate Assignment of Mortgage for the Property and she is the Executrix of Borrower's estate, "which is a third-party beneficiary of the insurance policy provided by ANPAC."[37] Plaintiff further contends that this issue of ownership of the Property is not for this Court to adjudicate.[38] According to Plaintiff, "when succession documents are silent, a reservation or deference is made to Louisiana Succession Law."[39] Plaintiff posits that she is "a legal usufructuary since she was the legally married spouse before death and surviving spouse."[40] Plaintiff asserts that she has met the requirements of standing under Article III of the U.S. Constitution to bring these claims against PHH.[41] Plaintiff also contends that she has standing because she is a third-party beneficiary of the Insurance Policy.[42]

### 3. MAM's Arguments in Support of its Motion

MAM similarly contends that Plaintiff does not have standing to sue in her individual capacity because she "does not own the Property, she is not a party to the contract, and she is not

---

[36] Rec. Doc. 24 at 3.

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.* at 4–6.

named as an insured under the Insurance Policy issued by ANPAC.[43]

### 4. Plaintiff's Opposition to MAM's Motion

In her opposition to MAM's Motion, Plaintiff raises the same arguments from her opposition to PHH's motion.[44]

### 5. MAM's Reply

In its reply, MAM reiterates that "Plaintiff does not have standing since Plaintiff does not own the Property, she is not a party to the mortgage loan at issue, and she is not an Insured under the ANPAC policy at issue …"[45] MAM asserts that Plaintiff lacks standing to assert a claim, not standing to sue under Article III as Plaintiff posits.[46]

### B. Cross Motions Addressing Pleading Insufficiencies Under Federal Rule of Civil Procedure 12(b)(6)

### 1. PHH's Arguments in Support of its Motion

### a. The Breach of Contract Claim

PHH argues that Plaintiff fails to allege a breach of contract claim because she fails to identify a specific provision in the Insurance Policy that requires PHH to pursue a claim against ANPAC.[47] PHH further argues that the plain language of the mortgage contract states that PHH is not obligated to pursue a claim against ANPAC, as it states that "[i]n the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if

---

[43] Rec. Doc. 25-1 at 4.

[44] Rec. Doc. 32 at 2–6.

[45] Rec. Doc. 34 at 2.

[46] *Id.*

[47] Rec. Doc. 18-1 at 6.

note made promptly by Borrower."[48] PHH contends that "may" in this clause gives PHH the option to assert a claim but does not require it to assert a claim.[49]

### b. The Breach of Fiduciary Duty Claim

PHH also argues that Plaintiff fails to state a breach of fiduciary duty claim because Plaintiff did not allege a "special relationship of trust and confidence and an advantage that the defendant had over the plaintiff" in the Petition.[50] PHH further contends that Louisiana law requires a written agreement between a financial institution and a customer of the financial institution in which the parties agree that the financial institution acts as a fiduciary.[51] PHH notes that Plaintiff's Petition does not state any facts related to the existence of such a written agreement for PHH to be Plaintiff's fiduciary.[52] PHH notes that courts have rejected breach of fiduciary claims brought by mortgagors against their mortgage lenders for not pursuing insurance claims for damage to the mortgagees' property.[53]

PHH points to the Louisiana Credit Agreement Statute, La. Rev. Stat. Section 6:1121 *et seq.* ("LCAS") as barring Plaintiff's claims against PHH because they are not based on a valid written credit agreement.[54] According to PHH, "[t]he Louisiana Supreme Court has interpreted the LCAS to bar all claims against creditors that are not based on written credit agreements, regardless

---

[48] *Id.* at 7.

[49] *Id.*

[50] *Id.*

[51] *Id.* at 8.

[52] *Id.*

[53] *Id.* at 9.

[54] *Id.* at 9–10.

of the legal theory the debtor purports to assign to those claims."[55] Further, PHH asserts that "[t]he LCAS makes it clear that no unwritten agreement between a creditor and a debtor may be created or implied."[56]

### d. Attorneys' Fees

PHH avers that Plaintiff is not entitled to attorneys' fees because she has not identified any statute or contractual provision that would allow her to collect attorneys' fees in this matter.[57]

### e. The Statutory Bad Faith Claims

PHH contends that La. Rev. Stat. Sections 22:1892 and 22:1927 are not applicable because PHH is not an insurer as it is a mortgage lender and Plaintiff has not alleged that PHH is an insurer.[58]

## 2. Plaintiff's Opposition to PHH's Motion

### a. The Breach of Contract and Breach of Fiduciary Duty Claim

Plaintiff contends that the mortgage agreement "creates a contractual obligation on [PHH] to make a claim/proof of loss on behalf of the Plaintiff, which in turn creates a fiduciary duty to the Plaintiff."[59] Plaintiff further contends that "[t]he fact that the contract between the Plaintiff and the Defendants uses the word 'MAY' does not absolve the Defendants of their duties and liabilities to the Plaintiff."[60] Plaintiff counters that her claims against PHH are not barred by the LCAS

---

[55] *Id.* at 10.

[56] *Id.*

[57] *Id.* at 10–11.

[58] *Id.* at 11.

[59] Rec. Doc. 24 at 6.

[60] *Id.* at 7.

because the Mortgage Agreement between Plaintiff and PHH is valid contract "obliging the Defendants to produce a submit a satisfactory proof of loss."[61]

### b.   The Statutory Bad Faith Claims and Attorneys' Fees

Plaintiff contends that La. Civ. Code Art. 1983 allows her to assert these claims and fees.[62] Plaintiff requests leave to amend the Petition if the Court finds that her claims under La. Rev. Stat. Sections 22:1892 and 22:1927 fail.[63]

### 3.   Plaintiff's Motion to Strike PHH's 12(b)(6) Motion to Dismiss

In Plaintiff's Motion to Strike PHH's Motion to Dismiss, she argues that PHH "relies on a document that does not exist."[64] The document Plaintiff is referring to is the mortgage contract between PHH and Borrower that PHH referenced in the Motion to Dismiss.[65] Plaintiff contends that this mortgage contract PHH referenced in its motion is actually "a sale of property agreement between Security Homestead Association and [Borrower], together with his first wife" and PHH is not named as a party to this agreement.[66]

### 4.   PHH's Opposition to Plaintiff's Motion to Strike

PHH filed an opposition to Plaintiff's Motion to Strike, clarifying that it made a typographical error in referencing the exhibit number and page number for the relevant portions of the mortgage contract.[67] PHH states that its counsel emailed Plaintiff's counsel to clarify the

---

[61] *Id.* at 8.

[62] *Id.*

[63] *Id.*

[64] Rec. Doc. 23-1 at 1.

[65] *Id.* at 1–2.

[66] *Id.* at 2.

[67] Rec. Doc. 27 at 1–3.

exhibit citation.[68]

### 5.    MAM's Arguments in Support of its Motion

#### a.    The Breach of Contract Claim

MAM contends that there is no contract between MAM and Plaintiff that contains any obligations for MAM to fail to perform under, as the Insurance Policy between ANPAC and MAM is "purely for the benefit" of MAM.[69] MAM further contends that even if Plaintiff is a third-party beneficiary to the Insurance Policy, Plaintiff has not pointed to any provision in the Insurance Policy or the mortgage contract that requires MAM to pursue a claim against ANPAC or that MAM is required to pursue a claim against ANPAC to the satisfaction of the Plaintiff as the borrower.[70]

#### b.    The Negligence Claim

MAM argues that "Plaintiff has presented absolutely no credible evidence that a duty exists nor any evidence that MAM has breached any duty."[71] MAM asserts that duty questions in a negligence claim are "essentially legal questions."[72] MAM reiterates that it has no contractual obligation to file a claim against ANPAC.[73] Further, MAM avers that it did not instruct ANPAC on how to adjust and evaluate damages, so Plaintiff's allegation that MAM's adjuster failed to fully and properly evaluate the cause and extent of the damage cannot constitute a negligence claim against MAM.[74]

---

[68] *Id.* at 3.

[69] Rec. Doc. 25-1 at 5.

[70] *Id.* at 5–6.

[71] *Id.* at 6.

[72] *Id.*

[73] *Id.*

[74] *Id.*

### c.  The Breach of Fiduciary Claim

According to MAM, Plaintiff failed to state a claim for breach of fiduciary duty because the Petition does not allege the existence of a "special relationship" of trust and confidence and it also does not allege that MAM enjoyed any form of advantage over Plaintiff.[75] MAM also argues that La. Rev. Stat. Section 6:1124 provides that financial institutions do not owe a fiduciary duty to its customers unless there is a written agreement stipulating to this.[76] MAM notes that both state courts and federal courts in Louisiana have applied Section 6:1124 to dismiss fiduciary claims against financial institutions when a plaintiff has not alleged that there is a written agreement providing that the financial institution owes a fiduciary duty to the plaintiff.[77] MAM also argues that Plaintiff's claims fail under the Louisiana Credit Agreement Statute.[78]

### d.  Attorneys' Fees and Bad Faith Claims

MAM contends that there is no law, statute, or contract allowing Plaintiff to recover attorneys' fees.[79] Similarly, MAM contends that Plaintiff's bad faith claims against it fail because MAM is not an insurer.[80]

### 6.  Plaintiff's Opposition to MAM's Motion

### a.  The Breach of Contract Claim

Plaintiff reiterates that she may bring breach of contract claims because she is a third-party

---

[75] *Id.* at 7.

[76] *Id.*

[77] *Id.*

[78] *Id.* at 8.

[79] *Id.*

[80] *Id.* at 8–9.

beneficiary of the insurance policy issued by ANPAC.[81]

### b.    The Breach of Fiduciary Duty Claim

Plaintiff reiterates that MAM owes a fiduciary duty to Plaintiff because the "insurance policy was executed to protect the property of the Plaintiff," the insurance policy creates a "vested interest" for Plaintiff because the policy limit exceeds the mortgage balance, and MAM "is the only party allowed to produce a proof of loss …"[82]

### c.    Bad Faith Claims and Attorneys' Fees

Plaintiff reiterates that MAM is liable under La. Rev. Stat. Sections 22:1892 and 1927.[83] Plaintiff again argues in the alternative that MAM is liable for bad faith claims under La. Civ. Code art. 1983.[84]

### 7.    MAM's Reply

First, MAM argues that the documents Plaintiff attached to her opposition should be stricken from the record because they were not referenced in the Petition and are not central to any of her claims against MAM.[85] MAM also contends that Plaintiff is not a third-party beneficiary under the Insurance Policy.[86] MAM further contends that Louisiana courts have held that mortgage lenders do not owe a fiduciary duty to their borrowers.[87]

---

[81] Rec. Doc. 32 at 4–6.

[82] *Id.* at 6.

[83] *Id.* at 7.

[84] *Id.*

[85] Rec. Doc. 34 at 2.

[86] *Id.* at 3–4.

[87] *Id.* at 4.

**C.**     ***Cross Motions Addressing the Issue of MAM Opting Out of the Streamlined Settlement Program***

    **1.**     **MAM's Motion**

MAM contends that it should be allowed to opt out of the Streamlined Settlement Program "SSP" so that the Court may consider its Motion to Dismiss based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[88] According to MAM, the "Court should decided these legal issues before MAM is required to engage in the costly exchange of documents, disclosures, and settlement negotiations."[89] In the alternative, MAM "requests that the Court extend any deadline for disclosures required under the CMO until 45 days after MAM is required to file an answer should the Court deny its Motion to Dismiss."[90]

    **2.**     **Plaintiff's Motion to Strike MAM's Motion**

In opposition, Plaintiff contends that MAM's Motion to Opt out of the SSP violates the CMO because MAM did not timely file the motion.[91] According to Plaintiff, MAM needed to file the motion by December 27, 2023 because the Court entered the CMO Order on December 12, 2023 and the CMO allows a defendant 15 days to file a motion to opt out of the SSP.[92]

### III. Legal Standards

**A.**     ***Rule 12(b)(1)***

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute,

---

[88] Rec. Doc. 30 at 1.

[89] Rec. Doc. 30-1 at 2.

[90] Rec. Doc. 30 at 1.

[91] Rec. Doc. 31-2 at 2.

[92] *Id.*

they lack the power to adjudicate claims."[93] A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.[94] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[95] "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts."[96] The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.[97] When, as here, grounds for dismissal may exist under both Rule 12(b)(1) and Rule 12(b)(6), the Court should, if necessary, dismiss only under the former without reaching the question of failure to state a claim.[98] A court's dismissal for lack of subject matter jurisdiction is not a decision on the merits and does not prevent the plaintiff from pursuing the claim in another forum.[99]

## B.    *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[100] A motion to dismiss for failure to state

---

[93] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

[94] Fed. R. Civ. P. 12(b)(1).

[95] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

[96] *In re FEMA*, 668 F.3d at 287.

[97] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[98] *Valdery v. La. Workforce Com'n*, No. 15-01547, 2015 WL 5307390 (E.D. La. Sept. 10, 2015) (Vance, J.) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1997)).

[99] *Hitt*, 561 F.2d at 608.

[100] Fed. R. Civ. P. 12(b)(6).

a claim is "viewed with disfavor and is rarely granted."[101] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[102] The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[103] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[104] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[105] Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[106] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[107] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[108] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[109]

---

[101] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[102] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). (internal quotation marks omitted).

[103] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[104] *Iqbal*, 556 U.S. at 678.

[105] *Id.*

[106] *Id.* at 677–78.

[107] *Id.* at 679.

[108] *Id.* at 678.

[109] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

**A.**   ***Whether Plaintiff Rose Okpalobi has Standing to Sue in Her Individual Capacity***

PHH and MAM move the Court for an Order dismissing all claims Plaintiff has asserted against them in her individual capacity under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff does not have standing because she does not have title to the Property, as the Judgment of Possession in the Succession of Ifeanyi Charles Anthony Okpalobi does not state that Rose Okpalobi owns the Property.[110] Plaintiff opposes, contending that she does in fact own the Property because her husband bequeathed it to her in his last will.[111]

Under Louisiana law, judgments of possession in succession cases are considered "prima facie" evidence of the rights of the heirs of the decedent.[112] The right to assert inheritance rights is subject to a 30 year prescriptive period, which runs from the decedent's death.[113] A succession can be reopened if "[a]fter … rendition of a judgment of possession by a court of competent jurisdiction, if other property is discovered, or for any other proper cause, upon the petition of any interested person …"[114] Louisiana courts have noted that "judgments of possession are rarely amended for grounds other than discovery of additional property or new wills."[115]

Here, on March 6, 2019, Plaintiff filed a Petition for Probate of Statutory Testament in the Civil District Court for the Parish of Orleans, State of Louisiana.[116] On November 16, 2021, the

---

[110] Rec. Doc. 18-1 at 6; Rec. Doc. 25-1 at 4.

[111] Rec. Doc. 32 at 3; Rec. Doc. 24 at 3.

[112] La. Code of Civ. Proc. art. 3062.

[113] *See* La. Civ. Code art. 3502, 934.

[114] La. Code. Civ. P. art. 3393(B).

[115] *Succession of Murray*, 2022-667 (La. App. 3 Cir. 5/10/23), 372 So. 3d 1, 6 (citing *Estate of Sylvester*, 93-731 (La. App. 3 Cir. 2/24/94, 631 So.2d 614, 619).

[116] Rec. Doc. 18-5 at 1. *Succession of Dr. Ifeanyi Charles Anthony Okpalobi*, No. 19-2450 (Civ. Dist. Ct. Par.

court entered a Judgment of Possession that was silent as to Rose Okpalobi's possession of the Property.[117] Plaintiff nonetheless contends that she has title to the Property because her husband bequeathed the Property to her in his last will, deference should be made to Louisiana Succession law when the Judgment of Possession is silent as to ownership of the Property, and that she was a legal usufructuary.[118] Plaintiff did not cite any legal authority for these arguments. The Judgment of Possession placed Plaintiff in possession of certain property of Dr. Ifeanyi Okpalobi, but it is silent on the issue of possession of the Property at issue in this litigation.[119] Therefore, this Court will follow the Judgment of Possession and find that Rose Okpalobi does not have standing to sue in her individual capacity in this matter at this time. However, because the court in the *Succession of Dr. Ifeyani Charles Anthony Okpalobi* recognized that Plaintiff is executrix of his estate, she may bring claims on behalf of the Estate against MAM and PHH.[120] The Court thus turns to address whether Plaintiff on behalf of the Estate has sufficiently plead claims under Rule 12(b)(6).

**B.      *Whether Claims Should be Dismissed Under Rule 12(b)(6)***

PHH and MAM move the Court for dismissal of Plaintiff's claims against them under Rule 12(b)(6), as PHH and MAM contend that they are not insurers for the breach of insurance contract and statutory bad faith claims to apply.[121] PHH and MAM further contend that Plaintiff's breach of fiduciary duty claim also fails because there is no written agreement between PHH and Plaintiff

---

Orleans Mar. 6, 2019).

[117] Rec. Doc. 18-5 at 27.

[118] Rec. Doc. 24 at 3.

[119]  Rec. Doc. 18-5 at 27.

[120] Rec. Doc. 18-5 at 8.

[121] Rec. Doc. 18-1 at 6–7, 11; Rec. Doc. 25-1 at 5, 8.

and no written agreement between MAM and Plaintiff stating that PHH and MAM are fiduciaries for Plaintiff.[122] Plaintiff opposes, asserting that she may bring the breach of insurance contract, breach of fiduciary claims, and statutory bad faith claims against PHH and MAM because she is a third-party beneficiary to the Insurance Policy between ANPAC and MAM.[123] The parties also dispute whether Plaintiff is entitled to attorneys' fees.[124]

### 1. The Breach of Insurance Contract Claim

In the Petition, Plaintiff brings a "Breach of the Insurance Contract" claim against "the mortgage companies and the insurance company," alleging that they failed to timely pay Plaintiff her insurance proceeds.[125] Because the Insurance Policy does not list PHH or MAM as insurers, Plaintiff has not stated viable breach of insurance contract claims against PHH and MAM. As Plaintiff alleges, PHH and MAM are mortgage companies rather than insurers.[126] Further, this Court held that Plaintiff is not a third-party beneficiary to the Insurance Policy in its February 28, 2024 Order and Reasons granting ANPAC's Motion to Dismiss.[127] Thus, Plaintiff's breach of contract claim against PHH and MAM must be dismissed.

### 2. Statutory Bad Faith Claims and Attorneys' Fees

Plaintiff asserts "Bad Faith" claims against "Defendants" under La. Rev. Stat. Sections

---

[122] Rec. Doc. 25-1 at 6–7; Rec. Doc. 18-1 at 7–10.

[123] Rec. Doc. 32 at 4–7; Rec. Doc. 24 at 4–8.

[124] Rec. Doc. 24 at 8; Rec. Doc. 32 at 7; Rec. Doc. 18-1 at 10; Rec. Doc. 25-1 at 8.

[125] *Id.* at 8–9.

[126] Rec. Doc. 1-9 at 2.

[127] Rec. Doc. 33.

22:1973 and 22:1892.[128] She references an "insurer" in this claim.[129] Because Plaintiff failed to state a breach of insurance contract claim against PHH and MAM, Plaintiff also fails to state claims under La. Rev. Stat. Sections 22:1892 and 22:1973 against PHH and MAM, as any recovery under those statutes is based on the existence of an insurance contract between Plaintiff and PHH or an insurance contract between Plaintiff and MAM.[130] Further, Plaintiff did not cite to any law allowing recovery of attorneys' fees in the Petition.

In opposition to the instant motion, Plaintiff argues in the alternative that if the Court finds that she may not bring claims based on Sections 22:1973 and 22:1892, she should be allowed to amend the Petition to assert bad faith claims under La. Civ. Code art. 1983.[131] Article 1983 provides that "[c]ontracts have the effect of law for the parities and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith."[132] Article 1983 is silent as to what penalties may be imposed if a contract is not performed in good faith.[133] The Fifth Circuit has recognized that "[a] breach of the duty of good faith and fair dealing [under Article 1983] requires a breach of contract."[134] As the Court has explained, Plaintiff has not alleged a viable breach of insurance contract claim against PHH and MAM. Therefore,

---

[128] Rec. Doc. 1-9 at 9.

[129] *Id.*

[130] *See O'Meallie v. Great Lakes Reinsurance (UK) PLC*, No. 22-4081, 2023 WL 4201766, at *2 (E.D. La. June 27, 2023) (Milazzo, J.) (dismissing the plaintiff's statutory bad faith penalties claim under La. Rev. Stat. Sections 22:1892 and 22:1973 because the plaintiffs have not stated a breach of contract claim against insurer in Hurricane Ida case); *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010) ("a plaintiff attempting to base her theory of recovery against an insurer on [Louisiana's bad faith statutes] must first have a valid, underlying, substantive claim upon which the insurance coverage is based.") (quotation and citation omitted).

[131] Rec. Doc. 32 at 7.

[132] La. Civ. Code art. 1983.

[133] *See id.*

[134] *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 Fed. App'x. 434, 439 (5th Cir. 2011).

Plaintiff also has not stated a claim under Article 1983.[135]

### 3.      Breach of Fiduciary Duty Claim

Plaintiff asserts a "Breach of Fiduciary" claim against PHH, Champion, and MAM for failing to file claims with ANPAC after the Property was damaged by Hurricane Ida.[136] Plaintiff alleges that the "[t]he mortgage companies are contractually obligated to assist Plaintiff in procuring sufficient insurance proceeds to secure its interest" and "by virtue of their role as mortgagee and named insured of the insurance policy, the mortgage companies owe a fiduciary duty to the Plaintiff because she is a third-party beneficiary of the insurance contract …"[137] Plaintiff alleges that MAM and PHH breached their duties by failing to file claims with the insurer despite Plaintiff's requests for them to do so.[138]

Under Louisiana law, there are "no implied fiduciary obligations."[139] La. Rev. Stat. Section 6:1124 requires a fiduciary relationship to be established through "a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary."[140] Further, Section 6:1124 "is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party."[141]

---

[135] *See Amoco Prod. Co v. Tex. Meridian Res. Expl. Inc.*, 180 F.3d 664 (5th Cir. 1999) (Louisiana law requires contracts to be performed in good faith); *Jones v. Honeywell Int. Inc.*, 295 F. Supp. 2d. 652 (M.D. La. 2003) (Under Louisiana law, implied duty of good faith arises only in context of performance of contract); *Brenner v. Zaleski*, 2014-1323 (La. App. 4 Cir. 6/3/15), 174 So.3d 76 (A contract is the law between the parties, and the parties will be held to full performance in good faith of the obligations flowing from the contract).

[136] Rec. Doc. 1-9 at 6.

[137] *Id.*

[138] *Id.* at 6–7.

[139] La. Rev. Stat. § 1124.

[140] *Id.*

[141] *Id.*

Borrower Ifeanyi Charles Anthony Okpalobi obtained an Adjustable Rate Home Equity Conversion Mortgage (the "Mortgage Contract") for the Property from Lender Wells Fargo Bank, N.A. dated January 6, 2010.[142] Wells Fargo Bank, N.A. then assigned this mortgage to Nationstar Mortgage LLC d/b/a Champion Mortgage Company on August 15, 2017.[143] Although it is unclear when this mortgage was assigned to PHH and MAM, the Petition alleges that PHH, Champion, and MMA serviced the mortgage.[144] This mortgage contract contains a "Fire, Flood and Other Hazard Insurance" provision requiring Borrower to obtain insurance for the Property and the "insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender."[145] If the Property suffers damage, "Borrower shall give Lender immediate notice by mail" and "Lender may make proof of loss if not made promptly by Borrower."[146] Further, the insurance companies shall make payments to Lender only instead of to Borrower and Lender jointly.[147]

The mortgage contract does not reflect that lenders such as PHH and MAM agreed to act and perform in the capacity of a fiduciary. When the "Fire, Flood, and Other Hazard Insurance" provision is read in its entirety, the provision reflects the Lender's intent to protect its interest in the Property, as it requires Borrower to notify Lender of any damage to the Property immediately and any payments by the insurance companies for damage to the Property are only made to the

---

[142] Rec. Doc. 18-4.

[143] Rec. Doc. 32-3 at 1.

[144] Rec. Doc. 1-9 at 2.

[145] Rec. Doc. 18-4 at 2–3.

[146] *Id.* at 3.

[147] *Id.*

Lender instead of Borrower. Further, "may" is permissive language that allows the Lender to make proof of loss to the insurer if the Borrower has not done so promptly.[148] As the Court explained in its Order and Reasons granting ANPAC's 12(b)(6) motion to dismiss, Plaintiff is not a third-party beneficiary to the Insurance Policy because there are no provisions in the Insurance Policy intended to benefit Plaintiff or Borrower.[149]

Louisiana courts have applied La. Rev. Stat. Section 6:1124 to dismiss breach of fiduciary claims mortgagors have brought against mortgagees based on the allegation that the mortgagee failed to obtain additional proceeds from the insurer.[150] In *Dace v. Novastar Mortgage, Inc.*, the Louisiana Fourth Circuit Court of Appeal affirmed the trial court's finding that the mortgagee, Novastar, owed no duty to the plaintiff to file a claim with the insurance company after Hurricane Katrina caused damage to the mortgaged property.[151] Novastar obtained a forced placed insurance policy that the plaintiff paid as part of his monthly mortgage payments.[152] The insurance policy provided, in part, that "[i]n the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender *may* make proof of loss if not made promptly by Borrower …"[153] The Louisiana Fourth Circuit reasoned that this language in the mortgage contract "does not require

---

[148] *Green v. Underwriters at Lloyd's, London*, No. 23-927, 2023 WL 9002678, at *5 (E.D. La. Dec. 28, 2023) (Milazzo, J.) (the plaintiff alleged that his/her mortgage lender was negligent in not procuring additional insurance proceeds to repair the property that was damaged by Hurricane Ida, but the presiding judge pointed to the "may" language in the mortgage contract to find that it does not create this obligation).

[149] Rec. Doc. 33.

[150] *Jennifer Guillory v. Carrington Mortgage Srvs., LLC*., No. 22-192, 2024 WL 1020555, at *18 (M.D. La. Mar. 8, 2024) (DeGravelles, J.) (collecting cases).

[151] *Dace*, 2011 WL 9165407, at *3.

[152] *Id.* at *1. The petition alleged that "Novastar had the Policy Placed on the Property."

[153] *Id.* at *3.

Novastar to make a claim under any insurance policy."[154] The court also concluded that "because there is no written agency or trust agreement between the parties, we find Novastar owned neither a fiduciary duty nor general duty to [the plaintiff] to file an insurance claim against [the insurer]."[155]

In *Barbe v. Ocwen Loan Servicing, LLC*, the plaintiff alleged that his mortgage servicer breached the mortgage agreement by failing to assist him in obtaining sufficient insurance proceeds to repair his property.[156] The mortgage contract provided that "Borrower shall give prompt notice to the insurance carrier and Lender" of loss.[157] However, the presiding judge reasoned that the mortgage contract "place[d] no obligation on Ocwen to independently pursue or even assist the Barbes in pursuing insurance proceeds from the insurer."[158] The presiding judge also reasoned that "the permissive provision that allows Ocwen to 'make proof of loss if not made promptly by Borrower' also does not impose upon Ocwen a duty to submit proof of loss or otherwise pursue a claim."[159] The presiding judge further reasoned that this permissive provision "vests Ocwen with the right to submit proof of loss to the insurer in the event the Barbes fail to do so."[160] The presiding judge concluded, in part, that because the mortgage contract does not give rise to a duty on Ocwen's part to pursue insurance proceeds from American Modern, Plaintiff failed to state a claim

---

[154] *Id.*

[155] *Id.*

[156] *Barbe v. Ocwen Loan Servicing, LLC*, 383 F.Supp.3d 634, 639 (E.D. La. 2019) (Feldman, J.).

[157] *Id.* at 644.

[158] *Id.*

[159] *Id.*

[160] *Id.*

against Ocwen for breach of the mortgage agreement.[161]

Here, the terms of the mortgage contract do not create any fiduciary duties for MAM and PHH. Because the mortgage contract is the private law governing this dispute between Plaintiff, MAM, and PHH and interpretation of this contract is a matter of law, it would be futile for Plaintiff to amend the Petition for any pleading insufficiencies.

### 4.    Negligence Claim

In pleading her "Particulars of Negligence" claim, Plaintiff alleges that the "mortgage companies owe a duty of care to the Plaintiff as they facilitated and secured the insurance policy on the Plaintiff's Property …"[162] Plaintiff further alleges that "[t]his duty of care requires the mortgage companies to act in a manner consistent with the protection of both their interest and that of the Plaintiff which demands the responsibility of filing an insurance claim in the event of property damage."[163]

A mortgagor may assert a negligence claim by alleging that the mortgagee assumed a duty under tort law with respect to the mortgagor's inadequate filing of insurance claims to obtain insurance proceeds.[164] Plaintiff attempts to allege such a claim here, but the Petition lacks facts suggesting that PHH and MAM as mortgagors assumed such a duty. Therefore, Plaintiff has not stated a negligence claim against PHH and MAM.

### 5.    Plaintiff's Request to Amend the Pleadings

For the reasons discussed above, the Court finds that Plaintiff has not stated any viable

---

[161] *Id.*

[162] Rec. Doc. 1-9 at 7.

[163] *Id.*

[164] *See Barbe*, 282 F.Supp.3d at 644–45 (citing *Obioha v. Proctor Fin. Ins. Co.*, Nos. 06-5364, 06-9231, 2007 WL 2903227, at *3 (E.D. La. Oct. 2, 2007) (Vance, J.).

claims against PHH or MAM. Plaintiff argues that she should be allowed to amend the pleadings to address any deficiencies. Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires."[165] Short of granting a motion to dismiss, the Court may grant Plaintiffs leave to file an amended complaint.[166] Accordingly, at this time, the Court will deny PHH and MAM's motions to dismiss and grant Plaintiff leave to file an amended complaint.

### C.   Whether MAM is Allowed to Opt Out of the Streamlined Settlement Program

Having determined that MAM's Motion to Dismiss has merit, the Court also finds it appropriate to grant MAM's Motion to Opt Out of the SSP, as it would be contrary to the efficient administration of justice. This Court adopted Case Management Order ("CMO") No. 1 on August 26, 2022 to facilitate the speedy and orderly resolution of insurance cases arising out of Hurricane Ida through the SSP.[167] Requiring MAM to proceed with the SSP hinders the resolution of this matter and thus would be contrary to the goals of the CMO in efficiently resolving Hurricane Ida disputes, as Plaintiff, absent pleading amendments to the Petition, has no viable claims against MAM. Other sections of this Court have granted the defendants' untimely motions to opt out of the SSP when there was a mandatory, enforceable arbitration clause in Hurricane Ida disputes because it would promote the efficient administration of justice.[168]

---

[165] Fed. R. Civ. Pro. R. 15(a).

[166] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[167] *See* Rec. Doc. 7.

[168] *Academy of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London*, 651 F.Supp.3d 822, 831 (E.D. La. 2023) (Africk, J.) (419 *Carondelet, LLC v. Certain Underwriters at Lloyd's London, et al.*, No. 22-4311, 2023 WL 143318, at *2–3 (E.D. La. Jan. 10, 2023) (Vitter, J.).

### V. Conclusion

For the reasons discussed above,

**IT IS HEREBY ORDERED** that PHH Mortgage Corporation's FRCP 12(b)(1) Motion to Dismiss for Lack of Standing[169] and Mortgage Assets Management, LLC's Motion to Dismiss for Lack of Standing"[170] are **DENIED**.

**IT IS FURTHER ORDERED** that PHH Mortgage Corporation's FRCP 12(b)(6) Motion to Dismiss for Failure to State a Claim[171] and Mortgage Assets Management, LLC's Motion to Dismiss with Prejudice for Failure to State a Claim[172] are **DENIED WITHOUT PREJUDICE**. Plaintiff is granted leave to amend the Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**IT IS FURTHER ORDERED** that Mortgage Assets Management, LLC's Motion to Opt Out of the Streamlined Settlement Program[173] is **GRANTED**.

---

[169] Rec. Doc. 18.

[170] Rec. Doc. 25.

[171] Rec. Doc. 18.

[172] Rec. Doc. 25.

[173] Rec. Doc. 30.

**IF IS FURTHER ORDERED** that Plaintiff Rose Okpalobi's ("Plaintiff") Motion to Strike Defendant PHH Mortgage Corporation's Motion to Dismiss for Lack of Standing[174] and Cross Motion to Strike MAM's Motion to Opt Out of the Streamlined Settlement Program[175] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___8th___ day of May, 2024.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[174] Rec. Doc. 23.

[175] Rec. Doc. 31.